COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


ROBERT C. MULVEY

                                                    OPINION BY
v.        Record No. 3346-02-2          JUDGE RUDOLPH BUMGARDNER, III
                                                    OCTOBER 28, 2003
MAURICE A. JONES, COMMISSIONER,
 VIRGINIA DEPARTMENT OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                        Herbert C. Gill, Jr., Judge

            Stephen A. Isaacs (Gentle E. Winter; Stephen A. Isaacs Law Office,
            on briefs), for appellant.

            A. Cameron O'Brion, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General; David E. Johnson, Deputy Attorney General;
            Siran S. Faulders, Senior Assistant Attorney General, on brief), for
            appellee.


        The Chesterfield Department of Social Services determined a complaint that Robert C.

Mulvey physically abused a student was founded.  The Commissioner of the DSS affirmed that

decision after an administrative hearing, and the trial court affirmed the agency's decision.  The

appellant contends the evidence was insufficient to support the agency's factual findings.  He

argues he had no intent to injure the student and that his conduct was authorized.  We affirm.

        We view the evidence in the light most favorable to the agency and limit our review of

issues of fact to the agency record.  Carter v. Gordon, 28 Va. App. 133, 141, 502 S.E.2d 697, 701

(1998).  On May 18, 2001, an eleven-year-old student was misbehaving and disrupting the

appellant's classroom.  The appellant asked the student to leave the room three times.  He took

the student's book bag and placed it at a desk in the hallway.  The student protested because he

would lose points if he were removed from the classroom, but he went to the hallway crying and

whining. The student then refused to sit, kicked the chair, and called the appellant a "butthead." The appellant grabbed the student from behind with a strong grip on the shoulders, lifted him, and pushed him into the chair. He "squeezed and hurt [the student] by accident." Student witnesses reported the appellant "slammed" the student into the chair. Another witness reported the student kept saying "ow, ow." Less than an hour later, the student had abrasions on his left shoulder and bruising on his right underarm.

A Child Protective Services worker conducted an investigation three days later and determined the complaint was "Founded, Level Three, for Physical Abuse." The worker concluded that the appellant placed his hands on the student and the resulting bruises "appear consistant [sic] with that of rough handling."

The intake report noted that the appellant denied touching the student at all. The appellant subsequently denied making that statement. In a June 19, 2001 letter, the appellant admitted he grabbed the student's shoulders but denied he intended to injure him. At the administrative hearing, the appellant asserted he was facing the student, whose arms were crossed in front of his chest, and that he grabbed the student to prevent him from falling. The appellant admitted he was frustrated during the incident, "I was upset at that time." The hearing officer determined that the appellant "lost his composure," "forcefully grabbed" the student, and then fabricated an explanation for touching him.

Under the Administrative Process Act, the trial court's duty is "limited to ascertaining whether there was substantial evidence in the agency record" to support its decision. Code § 2.2-4027. "The phrase 'substantial evidence' refers to 'such relevant evidence as a reasonable mind *might* accept as adequate to support a conclusion.'" Virginia Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983) (citation omitted). A court "may reject the agency's findings of fact, 'only if, considering the record as a whole, a reasonable mind would

*necessarily* come to a different conclusion.'" Id. (quoting B. Mezines, Administrative Law § 51.01 (1981)).

"Physical abuse occurs when a caretaker . . . inflicts . . . physical injury by other than accidental means . . . ." 22 VAC 40-705-30(A). Regardless of the appellant's lack of intent to injure, he acted intentionally when he grabbed the student in a strong grip and shoved him into the chair. Those acts inflicted bruises and abrasions. The results of his actions were reasonably foreseeable. "[A] person is presumed to intend the immediate, direct, and necessary consequences of his voluntary act." Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). The agency was permitted to accept the description of the incident given by the students, and it was permitted to discount the conflicting characterization given by the appellant.

The appellant maintains Code § 22.1-279.1[1] authorized his conduct because he intended to maintain control and prevent the student from harming himself or others. The bruises to the student make evident that the touching was not incidental, minor, or reasonable. The appellant admitted he was upset when he grabbed the student, and the witnesses described the degree of force employed. No evidence indicated the appellant was acting to prevent the student from harming himself or others.

_____

[1] The

> prohibition of corporal punishment shall not be deemed to prevent (i) the use of incidental, minor or reasonable physical contact or other actions designed to maintain order and control; (ii) the use of reasonable and necessary force to . . . remove a student from the scene of a disturbance which threatens physical injury to persons or damage to property; [and] (iii) the use of reasonable and necessary force to prevent a student from inflicting physical harm on himself . . . .

Code § 22.1-279.1.

We conclude substantial evidence supported the agency's findings that the injury was not accidental and constituted physical abuse.  Accordingly, we affirm.

<u>Affirmed.</u>

Elder, J., dissenting.

The majority holds that an intentional act resulting in bruising is physical abuse under 22 VAC 40-705-30(A) and that the mere occurrence of bruising proved the intentional act was unreasonable under Code § 22.1-279.1, the corporal punishment statute. The Department of Social Services (DSS) hearing officer similarly concluded that proof "appellant caused the [student's] injuries . . . by an intentional act" was sufficient to "meet[] the definition of physical abuse pursuant to [Child Protective Services] Policy." I would hold that finding either the occurrence of physical abuse or a violation of the corporal punishment statute requires independent proof that the act was unreasonable under the circumstances. Because the DSS hearing officer committed an error of law in failing to consider whether the act was unreasonable, I would vacate DSS's finding that appellant, a fifth grade teacher of special education, committed physical abuse and remand to the circuit court to remand to DSS for additional findings based on application of the proper standard. Thus, I respectfully dissent.

The DSS hearing officer found that appellant "undoubtedly did not intend the . . . bruising" that resulted from his intentional acts. The hearing officer concluded that appellant "lost his composure" when the student became disruptive and that "he forcefully grabbed" the student and "shoved him into a chair." The hearing officer did not determine whether these actions were unreasonable under the circumstances.

Code § 63.1-248.2 defines an abused or neglected child as one, *inter alia*, "[w]hose parent[] or other person responsible for his care creates or inflicts . . . upon such child a physical or mental injury by other than accidental means . . . ." DSS regulations track the language of that code section, providing that "[p]hysical abuse occurs when a caretaker . . . inflicts . . . physical injury by other than accidental means . . . ." 22 VAC 40-705-30(A). The purpose of the statute

- 5 -

and related regulations is not to punish but to protect the abused child and the community. J.P. v. Carter, 24 Va. App. 707, 727, 485 S.E.2d 162, 172 (1997).

Although "the interpretation which an administrative agency gives its [law] must be accorded great deference," an agency's interpretation may be reversed "if [its] construction . . . is arbitrary or capricious or fails to fulfill the agency's law as defined by its basic law." Jackson v. W., 14 Va. App. 391, 401, 419 S.E.2d 385, 390 (1992).

We interpreted the statutory definition of an abused or neglected child in Turner v. Jackson, 14 Va. App. 423, 417 S.E.2d 881 (1992). In that case, the father was found to have physically abused his three-year-old daughter by pulling out a section of her hair. Id. at 427, 417 S.E.2d at 884-85. The father's children reported that after the daughter spilled water in her room, the father grabbed her by her hair and attempted to take her from one room to another. Id. at 427, 417 S.E.2d at 884. The father contended first that he grabbed the child by the hair to prevent her from being harmed by stepping out onto a busy street. Id. at 432, 417 S.E.2d at 887. He subsequently admitted that he pulled the hair out while attempting to discipline his daughter in her room, although he contended the hair loss was accidental and gave conflicting accounts as to precisely how it occurred. Id. We upheld the ruling that substantial evidence existed to support the finding that the father abused the child. Id. at 432, 417 S.E.2d at 888. In rejecting the father's claim that the language "physical injury" was unconstitutionally vague, we held that "a person of average intelligence would understand that pulling out a section of hair from a three-year-old child's head would result in a physical injury to that child." Id. at 433-34, 417 S.E.2d at 888-89.

The facts in Turner illustrate why the definition of physical abuse must be construed to take into account whether the intentional act that caused physical injury was reasonable or unreasonable under the circumstances. Under the father's first version of events, he grabbed the

child by her hair and caused injury but did so in order to protect her from greater harm that was likely to occur if she stepped out into traffic. If the injury had occurred under those circumstances, the father's acts would have been reasonable and would not have constituted physical abuse. However, because the evidence established that the father grabbed the child by her hair and attempted to pull her from one room to another, either out of anger or in order to discipline her, it supported a finding that his intentional act was unreasonable under the circumstances.

The language in Code § 22.1-279.1, cited by appellant, supports this interpretation of the abuse and neglect statute as it applies to teachers and other school personnel. Code § 22.1-279.1 proscribes corporal punishment, but it exempts from the definition of corporal punishment, *inter alia,* "the use of incidental, minor or reasonable physical contact or other actions designed to maintain order and control." Code § 22.1-279.1(A). It also expressly acknowledges that "physical pain, *injury* or discomfort" may be "caused by the use of incidental, minor or reasonable physical contact or other actions designed to maintain order and control." Code § 22.1-279.1(C) (emphasis added). Thus, under the corporal punishment statute, contrary to the conclusion of the majority, the mere occurrence of bruising does not, in fact, make evident that the touching was not incidental, minor, or reasonable.[2] Rather, the corporal punishment statute

---

[2] The majority seems to acknowledge the hearing officer's finding that appellant did not act with an intent to injure, but it holds that appellant's acts nevertheless constituted physical abuse because the resulting bruising and abrasions were "reasonably foreseeable." It then notes the general principle of law that "[a] person is presumed to intend the immediate, direct, and necessary consequences of his voluntary act." This principle is a presumption only. If the evidence establishes as a fact that appellant did not intend to cause injury, then we may not apply the presumption to conclude, contrary to the evidence, that appellant intended to cause injury. However, as outlined above, the statute does not require proof of an intent to cause injury. Rather, it requires proof that the actor intended the act, whether or not injury was intended. I do not disagree with the conclusion that appellant may be considered "responsible" for causing the bruising if it was a "reasonably foreseeable" result of his intentional act. What I dispute is the majority's conclusion that appellant's act constituted physical abuse without a concomitant

- 7 -

requires an independent finding, based on all the circumstances surrounding the encounter, that the touching was not, among other things, reasonable. It would be anomalous to hold that Code § 22.1-279.1 permitted appellant's actions but that those same actions constituted physical abuse under the abuse and neglect statute and related DSS regulations.[3]

For these reasons, I would hold that, in order to find appellant "inflict[ed] . . . physical injury [on the student] by other than accidental means," the DSS hearing officer had to conclude not only that the contact which caused the bruising was intentional but also that the contact was unreasonable under the circumstances. Because the DSS hearing officer failed to consider whether the evidence proved the act was unreasonable, I would vacate DSS's finding that appellant committed physical abuse and remand to the circuit court to remand to DSS for additional findings based on application of the proper standard. Thus, I respectfully dissent.

---

finding that the intentional act that caused the bruising was unreasonable under the circumstances.

[3] After the events at issue in this case occurred on May 18, 2001, legislation took effect that was designed to prevent such an anomalous result. As of July 1, 2001, Virginia's "Welfare (Social Services)" statutes reference the exceptions to the statutory prohibition against corporal punishment in Code § 22.1-279.1. See Code § 63.1-248.4:1 (1995 Repl. Vol. & Supp. 2001); 2001 Va. Acts ch. 588; see also 2002 Va. Acts ch. 747 (effective October 1, 2002, recodifying former Code § 63.1-248.4:1 as Code § 63.2-1511). The legislature has expressly provided as follows:

> In determining whether the actions of a teacher, principal or other person employed by a school board or employed in a school operated by the Commonwealth are within the exceptions [contained in the corporal punishment statute and repeated verbatim] . . . in this section, the local [social services] department shall examine whether the actions at the time of the event that were made by such person were reasonable.

Code § 63.2-1511. This legislative enactment, although not controlling in appellant's case, provides support for the conclusion I would reach.